IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Ben Kozlowski,<br><br>Plaintiff,<br><br>vs.<br><br>Barrier South, LLC; Jason Tielens; and Steve Melton,<br><br>Defendants. | Civil Action No. 9:26-cv-4865-RMG<br><br>**COMPLAINT**<br>**(Expedited Trial Requested)**<br>**(Non-Jury)** |

Plaintiff, Ben Kozlowski, by way of his Complaint in the above-captioned action, would allege and show unto this Honorable Court the following:

## I. Parties, Jurisdiction, and Venue

1. Plaintiff is a citizen and resident of Chatham County, Georgia.

2. Upon information and belief, Defendant, Barrier South, LLC (hereinafter "Defendant BS"), is a limited-liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in the State of South Carolina. Upon further information and belief, no member or owner of Defendant BS is a citizen or resident of the State of Georgia.

3. Defendant Jason Tielens is a citizen and resident of the State of South Carolina. Defendant Tielens is an owner and member of Defendant BS.

4. Defendant Steve Melton is a citizen and resident of the State of South Carolina. Defendant Melton is an owner and member of Defendant BS.

5. This Court has personal jurisdiction over all Defendants because all Defendants are

citizens or residents of the State of South Carolina, and the contract at issue was entered into in the State of South Carolina and was to be performed, at least in part, in the State of South Carolina.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship of the parties, and the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. This action is brought, in part, for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202, as well as pursuant to the statutory and common law of the State of South Carolina.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant BS does business in this judicial district and division, Defendant BS employed Plaintiff within this judicial district and division, and the employment contract at issue in this case was signed by Plaintiff within this judicial district and division.

## II. Facts

9. Plaintiff has been in the insulation/spray foam industry since approximately 2013. He has extensive knowledge and experience in the industry, including professional relationships, contacts, vendors, suppliers, labor resources, customers, pricing information, and operational know-how, all of which he brought with him to Defendant BS when he was hired by the company in or about September 2021.

10. When Plaintiff first began working for Defendant BS, he did not have any type of restrictive covenant relating to his employment with Defendant BS.

11. In the latter half of 2023, Plaintiff received a job offer from another company. After Plaintiff mentioned the other job opportunity to the owners of Defendant BS, they agreed to increase his pay substantially, giving him additional guaranteed pay and commission opportunity.

12. On or about October 10, 2023, Plaintiff was asked by Defendant BS to sign an Employee's Non-Disclosure, Non-Solicitation, and Non-Competition Agreement (hereinafter "the Agreement"), which Plaintiff did. A true and accurate copy of the Agreement is attached hereto as Exhibit A.

13. At all times relevant hereto, Plaintiff was a good and faithful employee of Defendant BS and performed his job at an exceptional level.

14. On August 31, 2026, Plaintiff resigned his employment with Defendant BS, primarily because Defendant BS unilaterally suspended the payment of his commissions without written notice. Plaintiff provided oral notice of his proposed resignation approximately two weeks prior to August 31, 2026.

15. On or about September 3, 2026, Plaintiff received a letter from attorney James B. Robey, III from the law firm of Richardson Plowden Robinson, P.A., demanding that Plaintiff cease and desist alleged violations of the Agreement, because of Plaintiff's recently employment with Creative Building Solutions, Inc. in Savannah, Georgia. Mr. Robey's letter accused Plaintiff of violating various restrictive covenants in the Agreement. The letter demanded that Plaintiff resign his employment with Creative Building Solutions and sign a written confirmation attesting that he has ceased any alleged violations of the Agreement and affirming that he would strictly comply with all provisions of the Agreement going forward. A true and accurate copy of the letter from Mr. Robey is attached hereto as Exhibit B.

16. Mr. Robey's letter of September 3, 2026, threatened legal action by Defendant BS against Plaintiff.

**<u>FOR A FIRST CAUSE OF ACTION</u>**
**(Violation of the South Carolina Payment of Wages Act)**
**(Against All Defendants)**

17. Plaintiff repeats and realleges Paragraphs 1-16 as if restated verbatim.

18. Defendant BS is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1). Defendants Tielens and Melton are each also considered an "employer" of Plaintiff as defined by the Act because they are an owner, member, officer, or agent of Defendant BS and had the authority and responsibility for ensuring that Defendant BS complied with the Act.

19. Defendant BS employed Plaintiff, at least in part, within the State of South Carolina.

20. On or about January 30, 2026, Defendant BS published a written 2026 Compensation Plan for Plaintiff setting forth the terms and conditions of his compensation for 2026. A true and accurate copy of the 2026 Compensation Plan is attached hereto as Exhibit C. Pursuant to the 2026 Compensation Plan, Plaintiff was supposed to earn a base salary plus monthly commissions based on 3% of the previous year's (2025) billings of $5,562,000, which equates to $166,860 in annual commissions, or $13,905 per month.

21. Defendant BS owes Plaintiff "wages" as defined in section 41-10-10(2) of the Act, to compensate him for labor rendered to Defendant BS as required by the 2026 Compensation Plan. Specifically, Defendant BS unilaterally suspended his commission payments for July and August 2026, without providing the seven-days advanced, written notice required by S.C. Code Ann. § 41-10-30(A), for any proposed changes to the written terms of employment. The owners of Defendant BS, including Defendants Tielens, told Plaintiff, "We're going to hit you with a bat," which Plaintiff interpreted to mean that they were trying to force him to sell more of Defendant BS's

services, despite the general slow-down in building and other economic activity in Plaintiff's sales territory, which was not attributable to anything Plaintiff was doing differently in the performance of his job for Defendant BS.

22. Plaintiff resigned from his employment effective August 31, 2026, largely because of Defendant BS's unilateral and unlawful suspension of his commissions. Pursuant to S.C. Code Ann. § 41-10-50, Defendant BS was required to pay Plaintiff all amounts due to him within 48 hours of his separation or the next regular payday, not to exceed 30 days.

23. Defendant BS has failed to pay Plaintiff all wages due, as required by sections 41-10-40 and -50 of the Act. Plaintiff is informed and believes that the amounts of unpaid commissions due to him for July and August is at least $27,810 in total.

24. Defendant BS's failure to pay Plaintiff all wages due to him was willful, without justification, and in violation of the duty of good faith and fair dealing.

25. Upon information and belief, pursuant to section 41-10-80(C) of the Act, Plaintiff is entitled to recover in this action an amount equal to three times the full amount of his unpaid wages, plus costs and reasonable attorney's fees.

26. The amount of commissions owed to Plaintiff is a sum certain or is a capable of being reduced to a certainty based on information that was in existence at the time the commission payments came due. Accordingly, Plaintiff is entitled to an award of prejudgment interest at the statutory rate under South Carolina law.

27. Defendants Tielens and Melton are individually liable for the unpaid wages owed to Plaintiff because they knowingly permitted Defendant BS to violate the South Carolina Payment of Wages Act. Accordingly, Defendants Tielens and Melton are liable to Plaintiff to the same extent

as Defendant BS is for the amount of the unpaid wages, treble damages, and attorney's fees and costs.

**FOR A FIRST SECOND CAUSE OF ACTION**
**(Declaratory Judgment)**
**(Against Defendant BS Only)**

28. Plaintiff repeats and realleges Paragraphs 1-27 as if restated verbatim.

29. Plaintiff has a case of actual controversy against Defendant BS relating to the validity and enforceability of the restrictive covenants in the Employee's Non-Disclosure, Non-Solicitation, and Non-Competition Agreement with Defendant BS.

30. Plaintiff seeks a judgment of the Court declaring the rights and responsibilities of the parties to the Agreement, specifically including the following findings of fact and conclusions of law:

A. that the Agreement is not a binding and enforceable contract because Plaintiff did not receive any additional, valuable consideration from Defendant BS in exchange for his signing the Agreement, beyond his continued at-will employment with Defendant BS;

B. that any consideration promised to Plaintiff by Defendant BS in exchange for signing the Agreement was illusory because Defendant BS retained the absolute right to terminate Plaintiff's employment at will, without notice or cause;

C. that the Agreement is not enforceable because of a failure of consideration promised to Plaintiff by Defendant BS;

D. that the Non-Competition and Non-Solicitation provisions of the Agreement

are not enforceable because they are substantially broader than is necessary to protect any legitimate business interest of Defendant BS, because Defendant BS is not a licensed contractor in the State of Georgia and was no longer properly authorized to conduct business within the State of Georgia following Plaintiff's resignation on August 31, 2026, and his concomitant resignation as Defendant BS's registered agent with the Georgia Secretary of State's Office;

E. that the Non-Competition and Non-Solicitation provisions of the Agreement are not enforceable because they are unduly harsh and oppressive in curtailing the legitimate efforts of Plaintiff to earn a livelihood following his employment by Defendant, in an industry in which Plaintiff has spent the past 12-13 year, the majority of which were spent working for employers other than Defendant BS;

F. that the automatic Extension of Periods provision of Paragraph 10 of the Agreement is not enforceable because it would potentially add three years to the restrictive covenants in the Agreement, which would be substantially broader than would be necessary to protect any legitimate business interest of Defendant BS;

G. that the Employment Agreement is not enforceable because its enforcement would violate the public policy of the State of South Carolina; and/or

H. that Defendant BS should be precluded by the equitable doctrines of Unclean Hands and Equitable Estoppel from enforcing the Agreement against Plaintiff

because of Defendant BS's violations of the South Carolina Payment of Wages Act alleged herein, and because of Defendant BS's unlawful work outside of the State of South Carolina.

31. Plaintiff is also entitled to any and all necessary or proper relief to effectuate the Court's declaratory judgment, including injunctive relief precluding Defendant BS from enforcing the Non-Competition and Non-Solicitation provisions of the Agreement.

32. Pursuant to Paragraph 7 of the Agreement, Plaintiff is also entitled to an award of attorney's fees and costs in bringing this action to invalidate the Agreement.

**WHEREFORE**, having fully set forth his allegations against Defendants, Plaintiff respectfully requests the following relief:

A. actual, compensatory damages for past-due compensation;

B. treble damages pursuant to the South Carolina Payment of Wages Act;

C. prejudgment interest;

D. an award of reasonable attorneys' fees and costs;

E. declaratory judgment that the Agreement is void or, in the alternative, that the Non-Competition and Non-Solicitation provisions of the Agreement are invalid and unenforceable;

F. injunctive relief necessary to carry out the Court's declaratory judgment;

G. an order precluding Defendant BS from enforcing the Non-Competition and Non-Solicitation provisions of the Agreement based on the equitable doctrines of estoppel and unclean hands; and

H. such other relief as this Court may deem just and proper.

**Pursuant to Local Civil Rules 16.13-16.15, D.S.C., Plaintiff hereby requests an expedited trial of this matter.**

Respectfully submitted,

s/ David E. Rothstein

David E. Rothstein, Fed. ID No. 6695
BURNETTE, SHUTT & McDANIEL, P.A.
415 W. Washington Street
Greenville, South Carolina 29601
(803) 904-7928 (office-direct)
(803) 904-7910 (facsimile)
drothstein@burnetteshutt.law

Attorney for Plaintiff, Ben Kozlowski

October 14, 2026

Greenville, South Carolina